**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **THE ARMSTRONG GROUP, PLLC,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **Case No.: 4:26-cv-00706** |
| **V.** | § | |
| | § | |
| **JASON LYNN TAYLOR, JESSICA** | § | |
| **BARTAUSKY, and SKYLAR NOVAK,** | § | |
| | § | |
| *Defendants*. | § | **JURY DEMANDED** |

<u>**DEFENDANTS JESSICA BARTAUSKY AND JASON LYNN TAYLOR'S**</u>
<u>**ORIGINAL ANSWER**</u>

Defendants Jessica Bartausky ("Bartausky") and Jason Lynn Taylor ("Taylor") (collectively, "Defendants") file their Original Answer and respectfully state as follows:

## I.    DEFENDANT'S ORIGINAL ANSWER

<u>JURISDICTION</u>

1.    Armstrong intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process in the Texas Rules of Civil Procedure because Armstrong seeks injunctive relief and monetary relief over $1,000.00.

**RESPONSE**: To the extent a response to Paragraph 1 is required following removal, Defendants deny that this matter is governed by the Texas Rules of Civil Procedure. Defendants intend to conduct discovery pursuant to the Federal Rules of Civil Procedure.

<u>PARTIES</u>

2.    Plaintiff is The Armstrong Group PLLC, is a Limited Liability Company formed in Texas, whose principal place of business is located at 9977 W Sam Houston Pkwy N, Suite 150,

Houston, Texas 77064.

**RESPONSE**: Defendants lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 2. Therefore, Defendants deny the allegations.

3.    Defendant Jason Lynn Taylor is an individual who is a resident of Idaho and may be served with process at 618 N 1200 W Blackfoot, ID 83221 or wherever else he may be found. Service of said defendant as described above can be effectuated by personal delivery.

**RESPONSE**: Defendants admit the allegations in Paragraph 3.

4.    Defendant Jessica Bartausky is an individual who is a resident of Idaho and may be served with process at 618 N 1200 W Blackfoot, ID 83221 or wherever else she may be found. Service of said defendant as described above can be effectuated by personal delivery.

**RESPONSE**: Defendants admit the allegations in Paragraph 4.

5.    Defendant Skyler Novak is an individual who is a resident of Idaho and may be served with process at 965 Blake St. N., Twin Falls, ID 83301or wherever else he may be found. Service of said defendant as described above can be effectuated by personal delivery.

**RESPONSE:** Defendants lack sufficient knowledge or information to either admit or deny the allegations in Paragraph 5. Therefore, Defendants deny the allegations.

<u>JURISDICTION & VENUE</u>

6.    Venue is proper in Harris County, Texas, pursuant to provision 7(a) of the employment contract between plaintiff and defendants, *Employment Agreements*, Provision 7(a), attached hereto and referenced herein as **Exhibit 1**. In particular, the contracts which are the subject of this action contain a governing law provision which states the following:

> The parties agree that this Agreement shall be construed under the laws of the State of Texas. The parties agree that any claim or dispute related in any way to this Agreement and/or to Employee's employment with or termination from the [Armstrong], shall be resolved solely and exclusively in Harris County, Texas. *See* Exhibit 1.

**RESPONSE:** Paragraph 6 is a legal conclusion that does not require a response. To the extent a response is required, Defendants admit that venue is proper in this District and this Division pursuant to 18 U.S.C. § 1441(a) and Taylor's agreement because this District and this Division embrace Harris County, Texas, because this Division is located "solely and exclusively in Harris County, Texas," and because Plaintiff brought its original claims in Harris County, Texas.

## FACTUAL BACKGROUND

7.      Armstrong has been acquiring and operating CPA firms across the country.

**RESPONSE:** On information and belief, admitted.

8.      Armstong's employment of defendant Jason Taylor started on January 1, 2025, the effective date of his employment agreement. See Exhibit 1. Defendant Taylor's employment contract has several provisions relevant to this suit.

**RESPONSE:** Defendants admit that the effective date of Taylor's employment agreement is January 1, 2025. Upon a reasonably diligent inquiry, Defendants admit that Taylor's employment with Plaintiff pursuant to the agreement began on or around January 1, 2025. To the extent any other or further response is required, Defendants deny the allegations.

9.      First, there is a non-competition provision in paragraph 7(c). See Exhibit 1, Provision 7(c). This provision states that Defendant Taylor will not directly or indirectly compete with Armstrong during the term of the agreement and for one year following the termination of the agreement (the "**Restricted Period**"). *See id.* Specifically, provision 7(c) states:

> (c)      Non-Competition. Employee agrees that during the Term of this Agreement and for one (1) year following the Termination Date (the "*Restricted Period*"), Employee will not, directly or indirectly, in any manner (i) perform any services or render advice for or on behalf of, or invest or hold an interest in, any person or entity which competes with the Company's Business worldwide (the "*Territory*"), or (ii) prepare to do any of the foregoing.

**RESPONSE:** Paragraph 9 is a legal conclusion that does not require a response. To the extent such response is required, Defendants admit that the cutout offered by Plaintiff is part of Taylor's employment agreement. The agreement speaks for itself. To the extent any other or further response is required, Defendants deny the allegations.

10.     Second, there is non-solicitation provision in paragraph 7(d). *Id.* at 7(d). 7(d) provides that Defendant Taylor will not solicit current or prospective customers, suppliers, vendors, distributors or other business relations of Armstrong during the Restricted Period. *Id.* Specifically, provision 7(d) states:

> (d)     Non-Solicitation. Employee agrees that during the Restricted Period, Employee will not, directly or indirectly, in any manner, (i) cause, induce or attempt to cause or induce any current or prospective customer, supplier, vendor, distributor or other business relation of the Company, to cease doing business with the Company or to deal with any competitor of the Company, or (ii) in any way interfere with the Company's relationship with a current or prospective customer, supplier, vendor, distributor or other business relation of the Company.

**RESPONSE:** Paragraph 10 is a legal conclusion that does not require a response. To the extent such response is required, Defendants admit that the cutout offered by Plaintiff is part of Taylor's employment agreement. The agreement speaks for itself. To the extent any other or further response is required, Defendants deny the allegations.

11.     Third, there is a non-hire provision in paragraph 7(e). *Id.* at 7(e). This provision states that Defendant Taylor will not directly or indirectly hire any person employed by Armstrong or independent contractor for Armstrong during the two years prior to Mr. Taylor's termination. *See Id*. Specifically, provision 7(e) states:

> (e)     Non-Hire. Employee agrees that during the Restricted Period, Employee will not, directly or indirectly, on his own behalf or on behalf of any other person or business entity, (i) hire any person employed by the Company or working as an independent contractor for the Company during the two (2) years prior to his Termination Date, (ii) attempt to influence any person employed by the Company or working as an independent contractor for the Company at the time of his Termination Date to leave such person's employment or independent contractor relationship with the Company, or (iii) use or disclose to any person or business entity any personal information regarding any of the Company's employees or independent contractors.

**RESPONSE:** Paragraph 11 is a legal conclusion that does not require a response. To the extent such response is required, Defendants admit that the cutout offered by Plaintiff is part of Taylor's employment agreement. The agreement speaks for itself. To the extent any other or further response is required, Defendants deny the allegations.

12.     Lastly, there is a non-access provision in paragraph 7(f). *Id*. at 7(f). This provision states that Defendant Taylor will not access Armstrong's computer systems, social media, or cloud services accounts, download files, or any information from Armstrong's computer systems or in any way interfere, disrupt, modify, or change any computer program used by Armstrong or any data stored on Armstrong's computer system. *See Id*. Specifically, provision 7(e) states:

> (f)    Non-Access. Employee agrees that following the Termination Date, he will not access the Company's computer systems, social media or cloud services accounts (including without limitation company website and related accounts and platforms, client relationship management systems, emails, [Wix, SquareSpace, WordPress, Google WorkSpace, Google Drive, DropBox, and Google ads account] download files or any information from the Company's computer systems or in any way interfere, disrupt, modify or change any computer program used by the Company or any data stored on the Company's computer systems.

**RESPONSE:** Paragraph 12 is a legal conclusion that does not require a response. To the extent such response is required, Defendants admit that the cutout offered by Plaintiff is part of Taylor's employment agreement. The agreement speaks for itself. To the extent any other or further response is required, Defendants deny the allegations.

13.     On November 23, 2025, Defendant Taylor emailed Robert Armstrong (Managing Member and Founder) of Armstrong, with the odd suggestions that Defendant Taylor have his title be changed to something less than his current title, partner, because his "ex-wife has too much reach." Mr. Armstrong responded to this email by attempting to convince Defendant Taylor that the partner job title was appropriate. To that end, Defendant Taylor eventually agreed.

**RESPONSE:** Defendants admit that on or around November 23, 2025, Taylor emailed Robert Armstrong, requesting a change in title from "Partner" to "Senior Strategic Tax Planner." Defendants deny that the reason given was Taylor's "ex-wide ha[ving] too much reach." Defendants deny that Robert Armstrong "responded to this email by attempting to convince [] Taylor that the partner job was appropriate."

14.     From December 28, 2025, through January 1, 2026, Defendant Taylor accessed Armstrong's billing software ("AccountGroove") and began canceling active client contracts. Total monthly fees associated with these clients were $10,250.00 or over $120,000.00 annually. Defendant Taylor also had a calendar reminder set for December 31, 2025 to check all "VIP" clients in AccountGroove, and another calendar reminder set for January 1, 2026 to end contracts in AccountGroove.

**RESPONSE:** Upon a reasonably diligent inquiry, Defendants are unable to either admit or deny the allegations in Paragraph 14. Therefore, Defendants deny the allegation.

15.     On December 29, 2025, Defendant Taylor accessed Armstrong's computer systems and exported client contact information including names and email address of current Armstrong clients. Defendant Taylor then put that client information into a calendar invite with a title "Send client emails see notes" which included a list of clients that had long-term professional and personal relationships with Mr. Armstrong; including clients that have been with Armstrong for more than ten years. Based on a review of exports from Armstrong's practice management software ("Korban"), Defendant Taylor and Defendant Jessica Bartausky, contractor then working for Armstrong and Defendant Taylor's girlfriend, exported all data from Korban, including confidential and trade secret information.

**RESPONSE:** Upon a reasonably diligent inquiry, Defendants lack sufficient knowledge and information to either admit or deny the allegations in Paragraph 15. Therefore, Defendants deny the allegation.

16.    On January 1, 2026, Defendant Taylor emailed his resignation to Armstrong. At the same time, Mr. Armstrong's access to Armstrong's QuickBook accounts was severed. *See id*. In Mr. Armstrong's response to Defendant Taylor's resignation email, Mr. Armstrong pointed out the QuickBook issue to Defendant Taylor, but Defendant Taylor attempted to justify locking Mr. Armstrong out of QuickBooks.

**RESPONSE:** Defendants admit that Taylor emailed his resignation to Robert Armstrong on or around January 1, 2026. Upon a reasonably diligent inquiry, Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations in Paragraph 16. Therefore, Defendants deny the allegation.

17.    On January 2, 2026, Defendant Taylor began actively reaching out to Armstrong's clients and soliciting their business away from Armstrong. On the same day, Defendant Skylar Novak resigned and began working for Defendant Taylor. Defendant Bartausky also left her contractor position with Armstrong and began working for Defendant Taylor.

**RESPONSE:** Defendants deny that Taylor "began actively reaching out to Armstrong's clients and soliciting their business away from Armstrong." Upon a reasonably diligent inquiry, Defendants lack sufficient knowledge and information to either admit or deny the remaining allegations in Paragraph 17. Therefore, Defendants deny the allegation.

18.    As a result of Defendant Taylor's breaches and the wrongful conduct of Defendants Taylor, Novak, and Bartausky, Armstrong is forced to bring forth this petition and application for injunctive relief to prevent further immediate and irreparable harm to Armstrong.

**RESPONSE:** The allegations in Paragraph 18 are conclusory and do not require a response. To the extent a response is required, Defendants deny the allegations.

<u>CONDITION PRECEDENT</u>

19.    All conditions precedent to Plaintiff's right to sue and recover from Defendants have occurred, been preformed, or been waived by Defendants.

**RESPONSE:** Defendants lack sufficient knowledge and information to admit or deny the allegations in Paragraph 19. Therefore, Defendants deny the allegations.

<u>CAUSES OF ACTION</u>

20.    Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 18 of this petition by reference as those set forth in full.

**RESPONSE:** Defendants re-allege and reincorporate their responses to Paragraphs 1 through 18 by reference as if fully set forth herein.

**A.  Defendant Taylor's Breach of Contract**

21.    Defendant Taylor entered into the valid and enforceable Employment Agreement with Armstrong and agreed to not perform any services or render advice on or behalf of, or invest or hold any interest in, any person or entity which competes with Armstrong, or to even prepare to do any of the foregoing for the Restricted Period, as defined in the Employment Agreement.

**RESPONSE:** The allegations in Paragraph 21 are legal conclusions that do not require a response. To the extent one is required, Defendants deny the allegations.

22.    Prior to Defendant Taylor terminating his Employment Agreement and immediately thereafter, Defendant Taylor planned, staged, and carried out the wrongful accessing and taking of confidential and proprietary information for the wrongful purpose of soliciting Armstrong's clients, be they current or prospective.

**RESPONSE:** The allegations in Paragraph 22 are conclusory and do not require a response. To the extent a response is required, Defendants deny the allegations.

23.    This breach by Defendant Taylor is material and is a proximate cause of actual damages to Armstrong. The actual damages that Armstrong has suffered or will suffer to its business consist, at a minimum, of loss of profits, loss of clients,, loss of future business opportunities, and loss of goodwill. Armstrong's actual unliquidated damages are within the jurisdictional limits of this Court.

**RESPONSE:** The allegations in Paragraph 23 are conclusory and do not require a response. To the extent a response is required, Defendants deny the allegations.

24.    As a direct result of Defendant Taylor's breach of the Employment Agreement, Armstrong has been required to employ the legal services of Hoover Slovacek, LLP as its attorneys and has agreed to pay reasonable morgen for such services in this cause. Pursuant to Section 38.001 et seg. of the Texas Civil Practices and Remedies Code, Armstrong is entitled to and does hereby request an award of reasonable and necessary attorneys' fees for legal services rendered in this case.

**RESPONSE:** The allegations in Paragraph 24 are conclusory and do not require a response. To the extent a response is required, Defendants deny the allegations.

**B. Tortious Interference with Existing Contracts/Prospective Contracts**

25.    Armstrong brings this cause of action against the Defendants for tortious interference with existing and prospective contracts.

**RESPONSE:** The allegations in Paragraph 25 are conclusory and do not require a response. To the extent a response is required, Defendants deny the allegations.

26.     Upon information and belief, Defendants willfully and intentionally interfered with existing and prospective contracts when they canceled client contracts in AccountGroove, exported client data, and utilized such exports to attempt to solicit Armstrong's clients. By doing so, Defendants are wrongfully utilizing Armstrong's confidential and proprietary information to accomplish this tortious interference. Their interference was the cause of Armstrong's injuries for which Armstrong seeks economic damages.

**RESPONSE:** The allegations in Paragraph 26 are conclusory and do not require a response. To the extent a response is required, Defendants deny the allegations

27.     Defendants' actions are without justification or lawful excuse and are causing Armstrong actual damages in excess of minimum jurisdictional limits of this Honorable Court.

**RESPONSE:** The allegations in Paragraph 27 are conclusory and do not require a response. To the extent a response is required, Defendants deny the allegations.

**C.  Application for Temporary Restraining Order and Temporary Injunction**

28.     Paragraphs 1 through 26 are incorporated by reference herein in their entirety.

**RESPONSE:** Defendants re-allege and reincorporate their responses to Paragraphs 1 through 26 by reference as if fully set forth herein..

29.     Armstrong's application for a temporary restraining order is authorized by Texas Civil Practice and Remedies Code Section 65.011 in that Armstrong is entitled to the relief demanded and all or part of the relief requires the restraint of actions of Defendants in using Armstrong's confidential and trade secret information to unlawfully divert or attempt to divert existing and prospective contractual relationships with Armstrong's customers. Should the Defendants' actions not be restrained while the litigation is pending, it would render any judgment ineffectual, as Armstrong's business would be irreparably harmed. Such injunctive relief would

tend to preserve the last peaceable status quo of the case, prior to the wrongful solicitation of Armstrong's clients.

**RESPONSE:** The allegations in Paragraph 29 are conclusory and do not require a response. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny that Plaintiff is entitled to injunctive relief.

30.    Armstrong is entitled to a Writ of injunction under the principles of equity and the statutes of this state relating to injunctions in order to preserve the status quo of the parties pending a decision by this Court. Armstrong has met its burden by establishing each element that must be present before injunctive relief can be granted by this Court. Therefore, Armstrong is entitled to requested Temporary Restraining Order and Temporary Injunction.

**RESPONSE:** The allegations in Paragraph 30 are conclusory and do not require a response. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny that Plaintiff is entitled to injunctive relief or that Plaintiff met its evidentially or pleading burden to obtain a temporary restraining order or a temporary injunction.

31.    Specifically, Armstrong requests that the Court issue a Temporary Restraining Order and the Temporary Injunction that Defendants, Taylor, Novak, and Bartausky, and all other persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, be enjoined as follows:

a)    from soliciting, calling on, communicating with, or attempting to do any business with any client or prospective client of Armstrong.

**RESPONSE:** The allegations in Paragraph 31 do not require a response. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny that Plaintiff is entitled to any injunctive relief, let alone in the form and format sought.

32.     If Armstrong's application for Temporary Restraining Order and Temporary Injunction is not granted, harm to Armstrong is imminent because Defendants have already solicited and continues to solicit Armstrong's former, current and/or prospective clients for their own personal benefit.

**RESPONSE:** The allegations in Paragraph 32 are conclusory and do not require a response. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny that Plaintiff is entitled to injunctive relief or that the harm to Plaintiff exists and/or is imminent.

33.     The harm that will result if the Temporary Restraining Order and Temporary Injunction is not issued is irreparable and Armstrong has no adequate remedy at law because damages cannot be readily calculated, and Armstrong cannot fully compensated for the harm with money damages. In short, no amount of money can fully compensate Armstrong for the loss of its existing and prospective client relationships, with respect to which Armstrong has invested substantial time, money, and human resources to develop. Armstrong cannot be fully compensated, and damages cannot be calculated for the continued loss of its existing and prospective clients to Defendants.

**RESPONSE:** The allegations in Paragraph 33 are conclusory and do not require a response. To the extent a response is required, Defendants deny the allegations. Defendants specifically deny that Plaintiff is entitled to injunctive relief or that Plaintiff has no adequate remedy at law. Plaintiff pleads past acts or omissions that can be adequately compensated by way of damages, if proved.

34.     Plaintiff is willing to post a bond.

**RESPONSE:** The allegations in Paragraph 34 do not require a response. To the extent one is required, Defendants state that Plaintiff must post a bond adequate to compensate Defendants if Plaintiff's claims against them fail.

35.     Plaintiff asks the Court to set its application for Temporary Injunction for a hearing and, after the hearing, issue Temporary Injunction against Defendants as prayed for above.

**RESPONSE:** The allegations in Paragraph 35 do not require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to temporary injunctive relief.

36.     Plaintiff is entitled to recover, and does request, aware of pre-judgment and post-judgment interest at the highest rates permitted by law.

**RESPONSE:** The allegations in Paragraph 36 do not require a response. To the extent one is required, Defendants deny that Plaintiff is entitled to damages or to any interest thereon.

<u>DAMAGES</u>

37.     Defendants acts and omissions have cause or proximately cause Armstrong damages within the jurisdictional limits of this Honorable Court. Said actions as noted hereinabove will continue to cause Armstrong significant damages, and Armstrong seeks the recovery of same herein.

**RESPONSE:** The allegations in Paragraph 37 are conclusory and do not require a response. To the extent a response is required, Defendants admit that Plaintiff seeks monetary relief exceeding $75,000. Defendants deny that Plaintiff is entitled to recover damages from Defendants.

<u>ATTORNEY'S FEES</u>

38.     Armstrong is entitled to recover its reasonable and necessary attorneys' fees for trial, and if necessary for any appeals, pursuant to common law, statute, the Agreement, and also Chapter 38 of the Texas Civil Practice and Remedies Code, and all other applicable law.

**RESPONSE:** The allegations in Paragraph 38 are legal conclusions that do not require a response. To the extent a response is required, Defendants deny the allegations.

39.     Pursuant to Rule 195.2 of the Texas Rules of Civil Procedure, Armstrong hereby designates the undersigned attorney as its experts to testify as to reasonable necessary attorneys' fees incurred by Armstrong in preparation, discovery, trial of this lawsuit and post-trial activities, including any interlocutory and final-judgment appeals final proceedings. Armstrong also designates any other counsel associated with the undersigned law firm who may be handling this suit at the time of trial as its expert on the issues of reasonable and necessary attorney's fees.

**RESPONSE:** The allegations in Paragraph 39 do not require a response. To the extent one is required, Defendants lack sufficient knowledge or information to either admit or deny whether Plaintiff's designated expert is qualified to testify or whether their opinions are sound. Therefore, Defendants deny the allegations.

## INCORPORATION

40.     By reference herein, Armstrong incorporates the Verification of Robert Armstrong as if fully set forth herein for all purposes.

**RESPONSE:** The allegations in Paragraph 40 do not require a response. Defendants deny factual statements made by Robert Armstrong, unless otherwise admitted herein.

## PRAYER

41.     Plaintiff, Armstrong GS PLLC, requests that Defendants, Jason Taylor, Skyler Novak, and Jessica Bartausky, be cited to appear and answer herein, and that upon final trial, Armstrong have judgment against Defendants, Jason Taylor, Skyler Novak, and Jessica Bartausky, jointly and severally, as follows:

    (a) Judgment for all actual damages sustained by Armstrong Group, PLLC, as set forth above;

(b) Reasonable and necessary attorneys' fees through trial, together with conditional awards of attorneys' fees in the event of an appeal to the Court of Appeals and the Supreme Court of Texas;

(c) Any other consequential or incidental damages incurred by Armstrong;

(d) Prejudgment interest on any sums awarded at the legal rate as provided by the law until judgment;

(e) Postjudgment interest on any sums awarded at the legal rate as provided by law until paid;

(f) The Defendants be cited to answer and appear herein and that the Court issue a temporary restraining order and subsequent temporary injunction to enjoin the Defendants:

(g) The Court set a reasonable bond of $1,000 for the temporary restraining order and temporary injunction;

(h) That, if the Court determines the scope of the restrictive covenants are overbroad and unenforceable as written, that the Court reform the restrictive covenants only to the extent to make them enforceable, and only as an alternative to enforcement;

(i) Costs of suit; and

(j) For all such other and further relief, both general and special, legal and equitable, to which Nationwide may be justly entitled.

**RESPONSE:** The allegations in Paragraph 41 do not require a response. To the extent one is required, Defendants deny that Plaintiff is entitled to any relief sought.

## II.    AFFIRMATIVE DEFENSES

1.    Plaintiff's claims for damages based on the alleged violations of the restrictive covenants in Taylor's agreement are barred, in whole or in part, because said covenants are overly broad as a matter of law as written because they lack any reasonable geographic limitations. A plaintiff who successfully seeks the reformation of restrictive covenants like those at issue pursuant to the Texas Non-Compete Act is not entitled to obtain any relief beyond injunction from the defendant.

2.    Plaintiff's contractual claims are barred, in whole or in part, because the contract upon which Plaintiff sues is ambiguous.

3.    Plaintiff's contractual claims are barred, in whole or in part, by Plaintiff's prior material breach of the same contract.

4.      Plaintiff's tort and equitable claims against Defendants are barred, in whole or in part, by the doctrine of unclean hands.

5.      Plaintiff's tort claims against Defendants are barred, in whole or in part, because Defendants' alleged actions were justified and privileged, including, without limitation, by competitor's privilege.

6.      Plaintiff's claims for tortious interference with contracts against Defendants are barred, in whole or in part, because the contracts at issue, if any, are void, unenforceable, and/or illusory.

7.      If Defendants are found liable, they seek a reduction of damages and/or contribution in accordance with Chapters 32 and 33 of the Texas Civil Practice and Remedies Code because the acts or omissions of Plaintiff, other parties, and/or non-parties caused or contributed to the injuries and damages alleged in Plaintiff's live pleading.

## <u>PRAYER</u>

In the light of the foregoing, Defendants respectfully pray that the Court dismiss Plaintiff's claims against them with prejudice and award Defendants such other and further relief, at law or in equity, to which they may show themselves justly entitled.

Dated: February 26, 2026.                    Respectfully submitted,

                                             **HENDERSHOT COWART, PC**

                                             */s/ Anton J. Stewart*
                                             SIMON W. HENDERSHOT, III
                                             SBN: 09417200
                                             trey@hchlawyers.com
                                             ANTON J. STEWART
                                             SBN: 24106468
                                             astewart@hchlawyers.com
                                             1800 Bering Drive, Suite 600
                                             Houston, Texas 77057
                                             T: 713-783-3110
                                             F: 713-783-2809

                                             **ATTORNEYS FOR DEFENDANTS**

**<u>CERTIFICATE OF SERVICE</u>**

        Pursuant to the Federal Rules of Civil Procedure, I certify that a true and correct copy of the foregoing instrument was served on all counsel and Parties of record via the Court's CM/ECF system on February 26, 2026.

                                             /s/ *Anton J. Stewart*
                                             ANTON J. STEWART